UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID TATE, | ) | CASE NO. 1:16-cv-1866 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| BRIGHAM SLOAN, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

*Pro se* petitioner David Tate has filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is confined in an Ohio penal institution, having been convicted in September 2015 of drug trafficking offenses in violation of Ohio Rev. Code § 2925.03.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, a federal district court is required to examine a habeas petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The petition must be dismissed. An application for a writ of habeas corpus under § 2254 may not be granted unless it appears the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)

(per curiam). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

It is clear from the face of the petition that the petitioner has not exhausted the claim he seeks to raise, as his petition indicates his appeal of his state convictions is still pending in the Ohio Court of Appeals. The Court does not find circumstances exist that would render the state process ineffective to protect his rights.

Accordingly, the petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted; his "Motion to Apply [§] 2254(b)(1)(B)(ii)" to his habeas claim (Doc. 3) is denied; and this action is dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases, without prejudice to re-filing upon full exhaustion of state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated: August 15, 2016

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**